IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE DOTHAN CITY SCHOOLS BOARD OF EDUCATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 1:23-cv-357-ECM [WO] |
| J.C., *et al.*, | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This case was initially filed by Plaintiff Dothan City Schools Board of Education ("DCSBOE") after an administrative due process hearing was held pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, and an order was entered in favor of J.C., a student at Dothan City Schools, by and through his parent, A.C. A.C. now brings two counterclaims against DCSBOE. (Doc. 5). Count One alleges discrimination based on J.C.'s disability under Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. Count Two requests attorney's fees under the IDEA as the prevailing party in the underlying hearings. 20 U.S.C. § 1415(i)(3)(B). DCSBOE filed a motion to dismiss the counterclaims. (Doc. 7). After carefully reviewing DCSBOE's motion and the parties' briefing, the Court concludes that the motion is due to be DENIED.

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (alteration in original) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.  Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555–56.  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## III.  STATEMENT OF FACTS

The Court summarizes below the facts which are pertinent to its ruling on the motion to dismiss.  J.C. is a student in the Dothan City School District and under the responsibility of DCSBOE.  At the time of the underlying due process hearing, J.C. was sixteen years old

2

and diagnosed with Attention Deficit Hyperactive Disorder ("ADHD"), Oppositional Defiance Disorder ("ODD"), a Specific Learning Disability ("SLD") in Mathematics, and an auditory processing disorder. As a special education student, J.C. had an Individual Education Plan ("IEP"), which included a Behavioral Intervention Plan ("BIP") to address maladaptive behaviors.

Despite J.C.'s BIP, he continued to display worsening behaviors during the 2019-2020 and 2020-2021 school years and received several disciplinary referrals. After an incident in March 2021, J.C. was ultimately suspended from Dothan City Schools until May 2022. During J.C.'s suspension, J.C. was failing almost every subject. A.C. filed a due process complaint alleging that the DCSBOE was not providing J.C. with a free and appropriate education ("FAPE") under the IDEA. Dr. Amanda Bradley presided over the case. Around that time, J.C. was evaluated by Dr. Joseph Ackerson, a neuropsychologist, who diagnosed J.C. with ADHD, ODD, and his SLD.

In June 2022, the parties entered into a settlement agreement, entered as a final order and judgment by Dr. Bradley, which DCSBOE did not appeal. The settlement agreement included terms wherein DCSBOE agreed, among other things, to hold an IEP meeting within fourteen days of receiving Dr. Ackerson's written report of J.C.'s evaluation, and that J.C.'s Functional Behavioral Assessment ("FBA") and BIP would be complete and implemented by September 1, 2022.

A.C. alleges that DCSBOE did not comply with this settlement agreement. On June 15, 2022, J.C.'s IEP team met to create J.C.'s IEP for the 2022-2023 school year (the "2022 IEP"). The 2022 IEP omits any reference to J.C.'s SLD diagnosis or Dr. Ackerson's

3

recommendation for the use of a "Collaborative & Proactive Solutions" program to treat J.C.'s ODD.  Dr. Ackerson also recommended that J.C. be evaluated for a language processing disorder, but the IEP Team concluded that the evaluation was not needed at that time.  Further, DCSBOE failed to ensure that J.C.'s FBA and BIP were complete and in place by the September 1, 2022 deadline in the settlement agreement, and it failed to provide the agreed upon training for the BIP implementation.

J.C. continued to display maladaptive behaviors during summer-school and into the 2022-2023 school year, and DCSBOE remained non-compliant with the June 2022 settlement.  Consequently, A.C. filed a second due process claim on September 6, 2022.  On October 3, 2022, J.C.'s IEP team reconvened and concluded that the current IEP provided J.C. with a FAPE, but that J.C. would undergo the evaluation recommended by Dr. Ackerson to test for a language processing disorder.  On October 4, 2022, the IEP Team decided that a revised BIP would be completed for J.C. by October 31, 2022.  Meanwhile, J.C.'s maladaptive behavior continued, and he received a string of disciplinaries and suspensions.  DCSBOE then requested that J.C. attend the Learning Center in Dothan in the morning, five days a week, but provided no plan for the afternoon.  On October 26, 2022, A.C. amended her request for a due processing hearing and alleged violations of the IDEA, the Rehabilitation Act, and the ADA, based on the events that occurred since the filing of the September 6, 2022 due process claim.

J.C. continued to receive disciplinaries into November 2022, and the DCSBOE held a Manifestation Determination Review ("MDR") on November 15, 2022 to discuss whether J.C.'s conduct on certain occasions was either caused by, or had a direct and

substantial relationship to J.C.'s disabilities, or whether his conduct was the direct result of DCSBOE's failure to implement J.C.'s IEP and BIP.  DCSBOE answered both questions in the negative.  A.C. appealed the MDR decision and requested an expedited due process hearing.  In December 2022, J.C. was expelled from the District.

A Due Process Hearing was held on January 18, 19, 23, and 24, 2023 in front of a Hearing Officer, which consolidated A.C.'s October amended complaint and her November appeal of the MDR decision.  The Hearing Officer found, among other things, that DCSBOE denied J.C. a FAPE and breached the settlement agreement.  The Hearing Officer ordered specific relief for J.C., including that DCSBOE reverse their November 2022 MDR decision, reinstate J.C. as a student in the District, comply with the June 2022 settlement agreement, fund further evaluations, and provide compensatory education to J.C.  While A.C. prevailed on her IDEA claims, the Hearing Officer found that he had no authority to order relief under A.C.'s other federal claims.

DCSBOE complied with the Hearing Officer's order and filed the instant case in federal court challenging the Hearing Officer's decision.  A.C. brought two counterclaims: a claim for damages for discrimination on the basis of J.C.'s disabilities under the Rehabilitation Act and the ADA, and a claim for attorney's fees as the prevailing party in the underlying state administrative hearing under the IDEA.

## IV.  DISCUSSION

DCSBOE argues that A.C.'s counterclaims fail because they constitute a shotgun pleading in violation of Rule 8(a)(2) and Rule 10(b). *See* Fed. R. Civ. P. 8(a)(2) ("A pleading . . . must contain . . . a short and plain statement of the claim showing that the

5

pleader is entitled to relief[.]"); Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense."). The Eleventh Circuit has identified four types of shotgun pleadings, but "[t]he most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). DCSBOE contends that A.C.'s claims suffer from this defect.

A.C. alleges around ninety paragraphs of facts, as detailed above, and breaks them into seven segments. A.C. then pleads two counts separately, beginning each by "re-alleg[ing] and incorporat[ing] by reference here all of the preceding paragraphs," before pleading more specific facts under each count. (Doc. 5 at 41). DCSBOE argues in its motion, without further elaboration, that because each count "adopts by reference all that came before it such that the last count is a combination of the entire complaint," A.C.'s counterclaim constitutes a shotgun pleading. (Doc. 7 at 3).[1] A.C. argues that Count Two incorporates Count One because Count One is relevant to proving Count Two, and that DCSBOE misapplies *Weiland*.

---

[1] DCSBOE argues for the first time in its reply that it did not have adequate notice of the claims against it because A.C. uses conclusory language and does not specifically plead which acts were discriminatory in her Rehabilitation Act and ADA claim. However, the Court generally does not "consider arguments raised for the first time in a reply brief." *Kellner v. NCL (Bahamas), LTD.*, 753 F. App'x 662, 667 (11th Cir. 2018) (citing *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004)). Thus, the Court focuses its analysis on the deficiencies that DCSBOE raises in its motion.

6

The Eleventh Circuit determined in *Weiland* that the complaint before it was not a shotgun pleading. *Weiland*, 792 F.3d at 1326.  There, each count began with the following language: "[p]laintiff realleges and reavers the allegations of paragraphs 1–49," before going on to allege further facts. *Weiland*, 792 F.3d at 1318.  Importantly, the Eleventh Circuit said that the complaint was "not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." *Weiland*, 792 F.3d at 1324. Further, "[t]he allegations of each count [were] not rolled into every successive count," and the "task of figuring out which of the [preceding] paragraphs" were relevant to the claim was "hardly a task at all." *Weiland*, 792 F.3d at 1324–25.  Instead, the complaint gave the defendants "adequate notice of the claims against them and the factual allegations that support[ed] those claims." *Weiland*, 792 F.3d at 1325.

Unlike the complaint in *Weiland*, A.C. uses language that technically causes Count Two to carry all preceding paragraphs, including Count One, and as the last count, it effectively becomes "a combination of the entire complaint." *Weiland*, 792 F.3d 1313, 1322 (11th Cir. 2015); *see Taylor v. Starr*, 2021 WL 1610671, at *3 (N.D. Ala. Apr. 26, 2021) ("Like pleadings that fall into the first shotgun pleading category, Count II not only realleges all the factual allegations, . . . but it also realleges the allegations in Count I."). The Eleventh Circuit has repeatedly warned against this kind of pleading. *See Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 773 n.3 (11th Cir. 2020) (per curiam) ("The counts in [the] fourth amended complaint incorporated and realleged all of the preceding paragraphs, including the ones that were part of preceding counts. This is the very

7

definition of a shotgun pleading."); *Beaulieu v. Powell*, 2023 WL 3302874, at *5 (11th Cir. May 8, 2023) (per curiam) (explaining that the plaintiff's second amended complaint "did not fix the shotgun-pleading issues the court identified when it struck the original complaint and ordered repleading" in part because "the second amended complaint continue[d] to 'contain[] multiple counts where each count adopts the allegations of all preceding counts.'" (alteration in original) (citation omitted)); *cf. Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) ("[The] second amended complaint does not fall into the first category because although nine of the 19 counts incorporate almost every factual allegation in the complaint, none of them adopts the allegations in the preceding counts."). Consequently, Count Two technically meets the Eleventh Circuit's definition of a shotgun pleading.

However, "[a] dismissal under Rules 8(a)(2) and 10(b) is appropriate where 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Weiland*, 792 F.3d at 1325 (citing *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). That is not the case here. Count Two is the only count that suffers from the defect of realleging an earlier count. In Count Two, A.C. seeks attorney's fees under the IDEA as the prevailing party in the underlying due process hearing. While Count Two also technically pleads the Rehabilitation Act and ADA claim before it—a claim which the Court assumes for argument's sake is not directly relevant to the award of attorney's fees under the IDEA—the "task of figuring out which of the [preceding] paragraphs" are relevant to Count Two is "hardly a task at all." *Weiland*, 792 F.3d at 1324–25. Put simply, if A.C. was the prevailing party in the underlying state

8

administrative hearing, then under the IDEA, "the [C]ourt, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). A.C. goes on to plead in detail that A.C. was the prevailing party in the underlying proceedings and the attorney's hourly rates and total for each due process hearing.[2]

In a case with a single party on either side and two claims, one of which is for attorney's fees and suffers from a merely technical defect, the Court finds that it is not "virtually impossible [for DCSBOE] to know which allegations of fact are intended to support which claim(s) for relief." *Weiland*, 792 F.3d at 1325 (citing *Anderson*, 77 F.3d at 366). A.C.'s counterclaims bear little resemblance to the pleadings which courts have found to be impermissible shotgun pleadings. *See, e.g.*, *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) ("[T]he second amended complaint indiscriminately incorporates and repeats 249 numbered paragraphs of factual allegations—spanning 50 pages—into nine of the 19 counts, without any effort to connect or separate which of those 249 factual allegations relate to a particular count."); *Adams v. Huntsville Hosp.*, 819 F. App'x 836, 838–39 (11th Cir. 2020) (per curiam) ("In addition, due to its length, 72 pages, number of paragraphs, 242, and counts, 15, the pleading cannot be considered a short and plain statement of the claims showing that Adams is entitled to relief."). A.C. pleads her

---

[2] DCSBOE also argues for the first time in its reply brief that while A.C.'s claim for attorney's fees includes both due process hearings, DCSBOE already paid the attorney's fees for the first hearing. Even if the DCSBOE had properly raised this argument in its motion, rather than in its reply brief, the Court finds it unavailing. DCSBOE relies on a fact not alleged in the counterclaims, and the Court, at this stage in the litigation, "must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"claims with sufficient clarity to enable the defendant to frame a [responsive] pleading." *Beaulieu v. Powell*, 2023 WL 3302874, at *4 (11th Cir. May 8, 2023) (alteration in original) (citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001)).  Consequently, the Court finds that the Defendants had "adequate notice of the claims against them and the factual allegations that support[ed] those claims." *Weiland*, 792 F.3d at 1325.

The Court, however, cautions A.C.'s counsel from adopting in each count all preceding counts in future pleadings, as the Eleventh Circuit has repeatedly condemned this practice.  However, in the present case, the Court in its discretion finds that DCSBOE's motion is due to be denied.

## V.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that DCSBOE's Motion to Dismiss (doc. 7) is DENIED.

DONE this 26th day of February, 2024.

                /s/ Emily C. Marks  
        EMILY C. MARKS  
        CHIEF UNITED STATES DISTRICT JUDGE